UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60288-CIV-ALTMAN

**EDWIN BROWN**,

    *Petitioner*,

vs.

**UNITED STATES OF AMERICA**,

    *Respondent*.
_____/

## ORDER

Our Petitioner, Edwin Brown, is serving a term of federal supervised release because he was convicted in the Southern District of New York of two crimes: (1) conspiracy to commit bank and wire fraud and (2) aggravated identity theft. *See* Judgment, *United States v. Brown*, No. 17-00710-CR (S.D.N.Y. Aug. 16, 2018), ECF No. 54. Brown originally filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of New York, arguing that the Bureau of Prisons ("BOP") failed to properly "award[ ] the defendant 365 days in First Step Act credit." Petition [ECF No. 1] at 4. But, because Brown is serving his term of supervised release here in this District, the Southern District of New York transferred the case to us. *See* Transfer Order [ECF No. 2] at 1 ("[V]enue of a habeas petition challenging a petitioner's physical confinement generally lies in the district of his confinement."). We now **DISMISS** the Petition because Brown (by his own admission) has failed to exhaust his administrative remedies.

\* \* \*

"[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir.

2008). A § 2241 petition is the proper vehicle to challenge the calculation of earned time credits ("ETCs"). *See, e.g.*, *Abboud v. Warden, FCC Coleman-Low*, 2022 WL 3544312, at *1 (M.D. Fla. Aug. 18, 2022) (Scriven, J.) ("And, because Abboud's claim about the BOP's calculation of earned time credits is a challenge to the execution of his sentence, he has an alternative avenue of relief under 28 U.S.C. § 2241."); *cf. Santiago-Lugo v. Warden*, 785 F.3d 467, 475–76 (11th Cir. 2015) ("The Supreme Court has held that inmates must be given certain due process protections before they are deprived of their protected liberty interest in good time credits, including at least 24 hours advance written notice of the charges against them and the right to call witnesses and present documentary evidence.").

But "[a]n inmate must exhaust available administrative remedies before seeking relief in a § 2241 proceeding." *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 855–56 (11th Cir. 2020). Although exhaustion is not a "jurisdictional requirement," we must consider whether the petitioner has properly exhausted his remedies "if the respondent properly asserts the defense." *Santiago-Lugo*, 785 F.3d at 475. To exhaust his administrative remedies, a petitioner "must properly take each step within the administrative process," as those steps are defined by the institution with custody over him. *Varner v. Shepard*, 11 F.4th 1252, 1260 (11th Cir. 2021); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Administrative law does this by requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002))).

Although "failure to exhaust" is generally an affirmative defense that must be raised by the Respondent, the district court may dismiss a § 2241 petition *sua sponte* when the failure to exhaust "appears on the face of the [petition]." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). Indeed, courts throughout our Circuit have uniformly dismissed § 2241 petitions challenging the calculation

of ETCs under the First Step Act when the petitioner has failed to exhaust his administrative remedies. *See, e.g., Vargas v. Stone*, 2022 WL 6791641, at *3 (S.D. Ga. Sept. 13, 2022) (Epps, Mag. J.) ("[C]ourts considering the issue of calculation of time credits under the First Step Act have enforced exhaustion requirements and rejected futility arguments."), *report and recommendation adopted*, 2022 WL 6768225 (S.D. Ga. Oct. 11, 2022) (Bowen, J.); *Dobek v. Joseph*, 2022 WL 4281017, at *2 (N.D. Fla. Aug. 4, 2022) (Fitzpatrick, Mag. J.) ("Petitioner must exhaust the BOP's administrative remedies before challenging the BOP's calculation of First Step Act earned credits, or its failure to award First Step Act credits here."), *report and recommendation adopted*, 2022 WL 4281364 (N.D. Fla. Sept. 14, 2022) (Collier, J.).

Brown, to his credit, concedes that he hasn't exhausted his administrative remedies. But he contends that "exhaustion requirements are waived because currently he is not in the BOP custody[.]" Petition at 1 (errors in original). That's wrong, as we've explained:

> Baker readily admits that he hasn't exhausted his administrative remedies. But he insists that "there is in fact no Administrative Remedy procedure available to him" since he is on supervised release and no longer incarcerated in a BOP facility. Baker is simply incorrect. The BOP's "Administrative Remedy Program" allows an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). By its own terms, the Administrative Remedy Program also applies to all "former inmates for issues that arose during their confinement." *Id.* § 542.10(b). [Baker's] grievance against the BOP arose from events which took place during his incarceration since he earned the contested FSA ETCs while incarcerated. We therefore agree . . . [that] an administrative remedy is available for inmates on supervised release to challenge the BOP's calculation of their ETCs under the First Step Act.

Order Dismissing Petition, *Baker v. United States Probation Officer*, No. 22-61672-CIV (S.D. Fla. Oct. 31, 2022) (Altman, J.) (cleaned up); *see also, e.g., Covell v. Scibana*, 21 F. App'x 291, 293 (6th Cir. 2001) (holding that an inmate who had been *released* from BOP custody was still required to exhaust his administrative remedies because "the Administrative Remedy Program applies to former inmates for issues that arose during their confinement"); *Gratton v. Dismas Charities, Inc.*, 2021 WL 4163992, at *5 (M.D. Tenn. Aug. 20, 2021) (Holmes, Mag. J.) ("[Petitioner argues] it would be futile to pursue

3

exhaustion because he is past his release date . . . . [T]he possibility of Petitioner's continued pursuit of an administrative remedy exists given that the remedies provided by 28 C.F.R. §§ 542.13–542.15 may be pursued by former inmates for issues that arose during their confinement." (cleaned up)), *report and recommendation adopted*, 2021 WL 4149126 (M.D. Tenn. Sept. 13, 2021) (Campbell, J.). In short, a prisoner on supervised release (like Brown) must fully complete the BOP's "Administrative Remedy Program" before he can file a § 2241 petition. Because Brown hasn't done that, he's failed to exhaust his administrative remedies.

In the alternative, Brown contends that "there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions." Petition at 1. Brown (in other words) wants us to disregard the exhaustion requirement because § 2241 doesn't explicitly provide for it. *See generally* 28 U.S.C. § 2241. And he's partly right here: "Congress said nothing at all in § 2241 about exhaustion, which is a judge-made requirement." *Santiago-Lugo*, 785 F.3d at 474. But Congress's silence doesn't change the outcome of this case. "The exhaustion requirement is still a requirement," *id.* at 475, because the Eleventh Circuit continues to require inmates to "exhaust available administrative remedies before seeking relief in a § 2241 proceeding," *Blevins*, 819 F. App'x at 855–56. And we can't just ignore what the Eleventh Circuit has said on this issue. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("A circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts.").[1]

---

[1] Although Brown's failure to exhaust is fatal to his Petition, we also would've dismissed the Petition on two other grounds. *First*, Brown has failed *either* to pay the requisite $5.00 filing fee *or* to file a motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a) ("[O]n application for a writ of habeas corpus the filing fee shall be $5."). *Second*, the United States is not the proper respondent in a § 2241 petition; "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held" or whichever official is the petitioner's "legal custodian insofar as [the petitioner's] sentences are concerned." *Moody v. U.S. Att'y Gen.*, 730 F. App'x 851, 853 (11th Cir. 2018) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)).

4

\* \* \*

We therefore **ORDER and ADJUDGE** that the Petition [ECF No. 1] is **DISMISSED without prejudice**. All pending motions are **DENIED as moot** and all deadlines are **TERMINATED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on February 16, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Edwin Brown, *pro se*